**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE CERVANTES-HERRERA, | No. 13-74133 |
| Petitioner, | |
| | Agency No. A077-330-851 |
| v. | |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015**

Before:      SILVERMAN, BYBEE and WATFORD, Circuit Judges.

Jorge Cervantes-Herrera, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding him removable and

pretermitting his application for cancellation of removal.  Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Cervantes-Herrera's contention that he was not convicted of an aggravated felony is unavailing because the agency did not find that he had been convicted of an aggravated felony.

Cervantes-Herrera waived any challenge to the BIA's determinations that he was removable for having committed an offense relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i), and that he was ineligible for cancellation of removal because his conviction for an offense relating to a controlled substance terminated his accrual of the requisite continuous physical presence. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

To the extent Cervantes-Herrera contends that the agency violated due process by denying him a further continuance, that contention is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Cervantes-Herrera failed to exhaust his contentions that he did not understand the immigration consequences of his guilty plea, that his former

attorneys provided ineffective assistance of counsel, and that the IJ erred by not permitting him to post bond. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**